STATE OF MINNESOTA

IN SUPREME COURT

A15-1079



August 6, 2015

OFFICE OF
APPELLATE COURTS

In re Petition for Disciplinary Action against
Amadu Edward Swaray, a Minnesota Attorney,
Registration No. 0306654.

O R D E R

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Amadu Edward Swaray committed professional misconduct warranting public discipline, namely: commingling personal and client funds in his trust account, creating shortages in his trust account, issuing trust account checks in direct payment of his own personal and/or business expenses, and failing to maintain the required trust account books and records, in violation of Minn. R. Prof. Conduct 1.15(a), (b), (c)(3), and (h), and Appendix 1 thereto; failing to follow orders of an immigration court, in violation of Minn. R. Prof. Conduct 8.4(d); and failing to communicate with a client, in violation of Minn. R. Prof. Conduct 1.4.

Respondent waives his procedural rights under Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and unconditionally admits the allegations of the petition. The parties jointly recommend that the appropriate discipline is a public reprimand and 2 years of supervised probation.

1

The court has independently reviewed the file and approves the recommended disposition.

Based upon all the files, records, and proceedings herein,

IT IS HEREBY ORDERED that:

1.     Respondent Amadu Edward Swaray is publicly reprimanded.

2.     Respondent is placed on probation for 2 years, subject to the following terms and conditions:

(a)     Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation. Respondent shall promptly respond to the Director's correspondence by the due date. Respondent shall provide the Director with a current mailing address and shall immediately notify the Director of any change of address. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct that may come to the Director's attention. Upon the Director's request, respondent shall authorize the release of information and documentation to verify compliance with the terms of this probation;

(b)     Respondent shall abide by the Minnesota Rules of Professional Conduct;

(c)     Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director, to monitor compliance with the terms of this probation. Within 14 days from the date of the filing of this order, respondent shall provide the Director with the names of three attorneys who have agreed to be nominated as respondent's supervisor. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director shall seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, respondent shall, on the first day of each month, provide the Director with an inventory of client files as described in paragraph (d) below. Respondent shall make active client files available to the Director upon request;

(d)     Respondent shall cooperate fully with the supervisor's efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar

2

quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as the Director may reasonably request;

(e)     Respondent shall initiate and maintain office procedures that ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts, and other persons interested in matters that respondent is handling and that will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis; and

(f)     Respondent shall maintain law office and trust account books and records in compliance with Minn. R. Prof. Conduct 1.15 and Appendix 1 thereto. These books and records include the following: client subsidiary ledgers, checkbook registers, monthly trial balances, monthly trust account reconciliation, bank statements, canceled checks, duplicate deposit slips, and bank reports of interest, service charges, and interest payments to the Minnesota IOLTA Program. Such books and records shall be made available to the Director within 30 days from the date of the filing of this order and thereafter at such intervals as the Director deems necessary to determine compliance.

3.     Respondent shall pay $900 in costs pursuant to Rule 24, RLPR.

Dated: August 6, 2015

BY THE COURT:

Alan C. Page
Associate Justice

3